IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 5:11-cv-430 |
| v. | ) ) ) | COMPLAINT |
| | ) | JURY TRIAL DEMAND |
| UNITED INSURANCE COMPANY OF AMERICA, | ) ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Craig Burns ("Burns") who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that the defendant, United Insurance Company of America ("Defendant"), failed to hire Burns as an Insurance Agent/Representative because of his disability, in violation of the ADA.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant has continuously been an insurance company domiciled in the State of Illinois, licensed to do business in the State of North Carolina, and doing business in the State of North Carolina and the City of Raleigh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Burns filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2009, Defendant engaged in an unlawful employment practices at its Raleigh, North Carolina facility in violation of Sections 102(a), (b)(1) and/or (b)(6) of Title I of the ADA, 42 U.S.C. § 12112(a), (b)(1) and/or (b)(6), as follows:

(a) In or around December 2009, Burns applied for a job as an Insurance Agent/Representative at Defendant's Raleigh office. Burns was fully qualified to perform the functions of the position without an accommodation.

(b) In or around January 2010, Defendant extended a conditional offer of employment to Burns, conditioned upon Burns' passing a drug test.

(c) In or around January 2010, Burns took a drug test at Defendant's direction. The results of the drug test showed the presence of methadone in Burns' system. Burns is a recovering drug addict who has been enrolled in a treatment program since at least 2004. His use of methadone is directly related to the treatment for his drug addiction.

(d) Defendant contacted Burns regarding the test result and asked that Burns provide a copy of his prescription for methadone. Burns provided Defendant with a letter explaining that he was participating in a supervised methadone treatment program. The letter was written by Burns' treatment provider and provided Defendant with information about Burns' participation in the treatment program.

(e) Defendant took no further steps to determine the effect, if any, of the methadone treatment on Burns.

(f) Upon learning that Burns was taking a legally prescribed medication in connection with a drug treatment program, Defendant informed Burns that he was not eligible for hire and withdrew its offer of employment.

(g) Defendant withdrew its offer of employment to Burns because of Burns' disability in violation of the ADA. Defendant perceived Burns as having a disability based on his methadone use. Burns also has a record of a disability based a seven-year drug addiction prior to entering the drug treatment program in 2004. When Burns was using drugs, he would get chills, intense cravings for the drugs, nausea and he had difficulty concentrating. Burns' drug use also affected his central nervous system.

9. The effect of the practices complained of in paragraph 8 above has been to deprive Burns of equal employment opportunities and otherwise adversely affect his employment status because of his disability.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Burns.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with them, from discriminating against individuals because their disabilities, including discrimination in hiring, firing, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled persons, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Burns whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu thereof.

D. Order Defendant to make Burns whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, in amounts to be determined at trial.

E. Order Defendant to make Burns whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 8 above, including emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Burns punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

DATED this the 16th day of August, 2011.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Equal Employment Opportunity Commission
131 M Street, NE
Washington, DC 20507

TINA BURNSIDE
Supervisory Trial Attorney

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
NC Bar No. 36393
Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, NC 27608
Phone: (919) 856-4148
Fax: (919) 856-4156
katherine.zimmerman@eeoc.gov

ATTORNEYS FOR PLAINTIFF

6